**In the Matter of GRAND JURY EMPANELLED AUGUST 14, 1979.**

**Appeal of TRW CREDIT DATA, a Division of TRW, Inc.**

No. 80–1819.

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1980.

Decided Jan. 9, 1981.

Rehearing and Rehearing En Banc Denied Feb. 5, 1981.

John D. Horan, Goodman, Stoldt & Horan, Hackensack, N. J., Richard J. Barnes (argued), Townley & Updike, New York City, Harry I. Jacobs, Los Angeles, Cal., for appellant.

William W. Robertson, U. S. Atty., Newark, N. J., for appellee; Samuel Rosenthal (argued), Asst. U. S. Atty., Newark, N. J., on brief.

James H. Sneed, Gen. Counsel, W. Dennis Cross, Asst. Gen. Counsel, David Shonka, David J. Federbush (argued), C. Lee Peeler, Washington, D. C., for amicus curiae, F.T.C.

Before ADAMS, GARTH and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

In this appeal from the denial of a motion to quash a grand jury subpoena, appellant TRW Credit Data (TRW) seeks to determine whether such a subpoena is an "order of a court" within the meaning of § 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Under the Act, a consumer reporting agency such as TRW may disclose credit information to nonsubscribers only when directed to do so by court order. We conclude that this matter does not present a final order appealable under 28 U.S.C. § 1291. Accordingly, we dismiss the appeal for lack of jurisdiction and do not pass on the question posed by TRW.

### I. STATEMENT OF THE CASE

TRW is a consumer reporting agency whose activities are governed by the Fair Credit Reporting Act. TRW collects and stores consumer credit information from banks, lending institutions, retail outlets, as well as from public records. It then prepares updated credit profiles and disseminates them, upon request, to subscribers and individual consumers. Section 604 of the Act, 15 U.S.C. § 1681b, restricts the other permissible circumstances under which an agency such as TRW may disclose a credit report to someone other than the subscriber or the subject. The provision relevant to TRW's appeal states that:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) in response to the order of a court having jurisdiction to issue such an order.

15 U.S.C. § 1681b.

On February 27, 1980, a grand jury subpoena, issued at the request of the United States Attorney's Office by the Clerk of the

United States District Court for the District of New Jersey, and signed by the deputy clerk, was served on TRW at its Parsippany, New Jersey offices. The subpoena called for production of "any and all credit files, reports, memoranda and correspondence" in TRW's possession relating to six named individuals under grand jury investigation for suspected felonies.

TRW moved to quash the subpoena, contending that it was not an "order of a court" within the meaning of § 604. If the subpoena could not be deemed a court order, TRW would be subject to penalties under the Act for making an unauthorized disclosure. The district court concluded that a grand jury subpoena issued under the seal of a court may be regarded as a court order, and denied the motion to quash. The judge, however, did not issue an order directing TRW to turn over the documents. He hoped, thereby, to preserve TRW's appeal from the denial of the motion to quash. If the judge had entered such a direction, it might have rendered the appeal moot, because TRW concedes that there would then have been an "order" covered by § 604.

Thereafter, a TRW representative appeared before the grand jury, but refused to surrender the documents covered by the subpoena despite the denial of the motion to quash. A hearing was then held before another district judge, who did enter an order directing TRW to supply the records that had been demanded. Rather than face a contempt citation, TRW complied with the order and surrendered the documents to the grand jury. TRW then brought this appeal from the action by the first district judge who had denied its request to quash the subpoena.

## II. JURISDICTION

The government contends that this appeal should be dismissed for lack of jurisdiction because there is no final appealable order. TRW asserts that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. It is a firmly established rule, however, that denials of motions to quash grand jury subpoenas are not "final orders" appealable under § 1291. *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). As the Supreme Court has expressed the rule,

> One to whom a subpoena is issued may not appeal the denial of a motion to quash that subpoena but must either obey its command or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.

*United States v. Ryan*, 402 U.S. 530, 532, 91 S.Ct. 1580, 1581, 29 L.Ed.2d 85 (1971). Accord, *In Re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 800 (3d Cir. 1979); *In the Matter of Establishment Inspection of Consolidated Rail Corp.*, 631 F.2d 1122 (3d Cir. 1980).

Although this rule of nonfinality may operate harshly in some situations, it is solidly grounded in the policy that the workings of the investigatory process should remain unfettered. If an ongoing grand jury proceeding could be interrupted each time that a potential witness or holder of relevant records wished to contest an appearance or disclosure, the ability of grand juries promptly to perform their task would be seriously compromised. See *Cobbledick, supra*, 309 U.S. at 327–29, 60 S.Ct. at 542–43.

TRW argues that unless we entertain the present appeal it will have no opportunity to resolve the important question whether a grand jury subpoena alone, without an accompanying court order, authorizes disclosure of credit information under § 604. This is so because before TRW may pursue the contempt route contemplated by *Cobbledick* and *Ryan*, there must first be a court order to turn over the subpoenaed records. If TRW then resists surrender, the ensuing contempt hearing would focus on whether TRW had any permissible ground for resisting the court order, rather than the effect of the underlying subpoena. The court order would clearly satisfy § 604 of the Fair Credit Reporting Act, and thus TRW would have no basis for refusing to turn the documents over to the grand jury

at this point. The question whether the grand jury subpoena was an order of a court under § 604, in effect, would be obviated.

Consequently, TRW contends that its need for guidance on whether the Fair Credit Reporting Act permits it to comply with a subpoena places this matter within the limited exception to the *Cobbledick* rule that authorizes an appeal when a failure to do so would deny effective review. See *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), where the Supreme Court held that a party "powerless to avert the mischief of the order" could appeal an action granting the government custody of records he had turned over to a court. In support of its argument, TRW directs our attention to the recent decision of the Court of Appeals for the Ninth Circuit in a virtually identical case, where, on the authority of *Perlman*, the Court accepted jurisdiction over TRW's appeal from the denial of a motion to quash a grand jury subpoena. *United States v. TRW*, 633 F.2d 825, (9th Cir. 1980). We respectfully decline to follow the Ninth Circuit's holding that such an order is appealable, because we do not regard the *Perlman* exception to be applicable here.

In *Perlman* and the more recent cases that adopt its rationale, the parties seeking to appeal the orders that directed compliance with subpoenas were intervenors with an interest in the privacy of the documents. Unlike TRW, they were not the targets of the subpoena itself, which meant that the contempt route for obtaining an appeal was not available to them. Moreover, it was not realistic to expect the holders of the records or the witnesses to place themselves in contempt for the sake of protecting another person's claim of privilege. Thus, the appellants in these cases truly had no other effective means to secure review of the subpoena. See, e. g., *In Re Grand Jury Proceedings (Cianfrani)*, 563 F.2d 577, 580

(3d Cir. 1977) (State Senator permitted to appeal order directing his aides and others to turn over certain of his records); *United States v. Doe*, 455 F.2d 753 (1st Cir.), vacated on the merits sub nom. *Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972) (motion by United States Senator to intervene to challenge subpoena issued to his legislative aides held to be appealable).

In *Doe* the Court highlighted the distinction, for purposes of the *Cobbledick* rule, between intervenors and the person to whom the subpoena is directed:

> The government, correctly, points out that if the subpoena that was sought to be quashed was directed to intervenor [Doe] there could be no appeal from the refusal to quash unless he took the further step of refusing to comply, and was adjudicated in contempt. *Cobbledick v. United States*, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; *United States v. Ryan*, 1971, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85. Here, however, the subpoena was not addressed to intervenor, but to third parties, who could not be counted on to risk contempt in order to protect intervenor's constitutional rights. *See United States v. Ryan*, ante, at 533, 91 S.Ct. 1580. Hence [the intervenor] was "powerless to avert the mischief of the order" unless permitted to appeal it. *Perlman v. United States*, 1918, 247 U.S. 7, 13, 38 S.Ct. 417, 419, 62 L.Ed. 950.

455 F.2d at 756–57.

Since TRW is the party subpoenaed, it does not fall within the exception to the rule of nonappealability set forth in *Perlman* and *Doe*. This is so even though the method suggested in *Cobbledick* and *Ryan* for perfecting an appeal, namely, contempt, might not be a viable option because it would lead to a court order mooting the underlying issue of the status of the grand jury subpoena.[1] The fact that a refusal

---

1. In the case at hand TRW turned over the documents as soon as it was presented with a court order directing it to do so, as authorized by § 604 of the Fair Credit Reporting Act. Once this court order was issued, it was a question of little more than academic interest whether the underlying subpoena could also be deemed an "order of a court" under § 604. Accordingly, were we to have jurisdiction to entertain the merits of this appeal, we would

immediately to comply with the subpoena would simply produce a court order, with which TRW safely could comply under § 604 of the Fair Credit Reporting Act, demonstrates that TRW has avenues other than appeal by which it can "avert the mischief" of the subpoena. The only asserted "mischief" is the uncertainty whether the subpoena itself justifies disclosure under § 604. A court order would effectively remove the need to resolve this uncertainty in any particular case. To the extent that TRW desires to settle for future purposes the question of a subpoena's status under § 604, there are other vehicles to accomplish this objective. TRW could bring an action for a declaratory judgment, or possibly have the question certified for an interlocutory appeal under the procedure of 28 U.S.C. § 1292(b).[2] In addition, the consumers interested in maintaining the privacy of the reports could intervene to assert the protection of the Fair Credit Reporting Act, thereby bringing their appeal within the *Perlman* exception for intervenors.

We conclude that in this particular case, where there has been a court order directing compliance, there is no pressing need to

establish whether TRW could have complied with the subpoena without subjecting itself to penalties under the Fair Credit Reporting Act. Accordingly, there is no occasion to depart from the rule of *Cobbledick* that denials of motions to quash subpoenas are not appealable final orders. We are therefore without jurisdiction to entertain this appeal.[3]

### III.

For the foregoing reasons the appeal will be dismissed for want of a final order under 28 U.S.C. § 1291. Of course, because we have no jurisdiction we are powerless to comment upon the merits. It is well established that once a court determines that it is without jurisdiction, it can only declare that fact and withhold further scrutiny.[4]

---

very likely dispose of the case on mootness grounds.

2. TRW suggests that the § 1292(b) route is not a realistic alternative, because when they recently sought a § 1292(b) certification, one judge of the District of New Jersey declined to certify the appeal, finding that "there can be no 'substantial difference of opinion' as to the correctness of the Court's" conclusion that a grand jury subpoena is a court order. *In the Matter of the Grand Jury Empanelled October 1, 1980*, Misc. No. 80–155 (D.N.J. filed Nov. 19, 1980). Since that ruling, however, the Ninth Circuit has held that a subpoena is *not* a court order within the meaning of § 604. *United States v. TRW*, No. 78–1665 (9th Cir. Dec. 2, 1980). Now that a difference of opinion has developed among the Circuits, district judges may be more solicitous of certifying the question which might possibly enable TRW, or parties in its position, to seek a definitive resolution. In light of our discussion in footnote 3, *infra*, we do not decide whether an appeal collateral to a grand jury investigation constitutes a criminal case or a civil action, but merely call attention to the fact that § 1292(b), by its terms, is limited to civil actions.

3. The government also argues that we are without jurisdiction because the appeal was not filed within the ten days allowed for criminal appeals by Fed.R.App.P. 4(b). To support the proposition that this is a criminal appeal, the government relies on *In Re Grand Jury Empanelled February 14, 1978*, 597 F.2d 851 (3d Cir. 1979), where this Court held that the government could appeal an order quashing a subpoena under 18 U.S.C. § 3731. Section 3731 authorizes the United States to appeal decisions excluding evidence in "criminal proceedings." It is an open question in this Court whether the holding that a grand jury investigation is a "criminal proceeding" for purposes of § 3731 means that it is also a "criminal case" within the meaning of Rule 4(b), which speaks of appeals by "defendants" in "criminal cases." In view of our resolution of the issue of appealability, however, it is not necessary to resolve the timeliness question on this occasion.

4. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).