**UNITED STATES of America,**

v.

**S. David LITMAN, Esquire, Irving M. Portnoy, Esquire, Appellants.**

**No. 81–1444.**

United States Court of Appeals, Third Circuit.

Argued Sept. 15, 1981.

Decided Sept. 28, 1981.

Rehearing Denied Oct. 28, 1981.

Certiorari Denied Jan. 11, 1982. See 102 S.Ct. 1016.

Certiorari Denied Feb. 22, 1982. See 102 S.Ct. 1447.

Harold Gondelman (argued), Gondelman, Baxter, Mansmann & McVerry, Pittsburgh, Pa., for Irving M. Portnoy.

David J. Armstrong (argued), Dickie McCamey & Chilcote, Daniel H. Shapira, Robert L. Potter, Jeff L. Lewin, Titus, Marcus & Shapira, Pittsburgh, Pa., for S. David Litman.

Thomas A. Daley, Asst. U. S. Atty., Chief-Criminal Division, David M. Curry, Paul J. Brysh (argued), Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

---

Before GIBBONS and HUNTER, Circuit Judges and GERRY, District Judge.*

OPINION OF THE COURT

GIBBONS, Circuit Judge.

S. David Litman and Irving M. Portnoy, attorneys in Pittsburgh, appeal from the denial of their motion to dismiss an indictment charging them with conspiracy and eighteen substantive counts arising out of an alleged scheme to defraud insurance companies. The indictment charges that appellants combined with doctors to furnish false and inflated medical bills to the insurance carriers in support of personal injury damage claims. Appellants contend that the participation in the grand jury proceeding of Daniel M. Saccani, a private investigator hired by a consortium of insurance companies, resulted in gross violations of Federal Rule of Criminal Procedure 6(e)(2), and warranted dismissal of the indictment. We hold that the district court's refusal to grant their motion is not an appealable order.[1]

## I.

Since 1977, postal inspectors and the United States Attorney in the Western District of Pennsylvania have pursued an investigation of mail fraud by combinations of lawyers and doctors against casualty insurance companies. The investigation focused particularly on the practice of submitting false and inflated medical reports and bills to the insurance companies by lawyers on behalf of clients referred to cooperating doctors. Throughout the investigations of appellants and of other Pittsburgh-area attorneys and doctors, Daniel M. Saccani, a private investigator employed by the Insurance Crime Prevention Institute, a nonprofit corporation organized by 350 casualty insurance carriers, assisted postal investigators and the United States Attorney for the Western District of Pennsylvania. He was appointed an "agent" of the grand jury for the purpose of aiding in its investigation of mail fraud. Saccani helped obtain documents, assisted at witness interviews, and on occasion overheard discussions between members of the United States Attorney's staff and a postal inspector concerning grand jury material.

In October 1977, grand jury subpoenas duces tecum were issued to five Pittsburgh law firms, including the one with which appellants are associated. An indictment against appellants was returned on February 3, 1981. On February 23, 24, 25, and on March 2 and 3, 1981, the district court held in camera evidentiary hearings on the alleged Rule 6(e)(2) violations resulting from Saccani's participation in the grand jury investigations. The district court, in an opinion and order dated March 16, 1981, concluded that repeated and continuous violations of Rule 6(e)(2) had occurred, but that dismissal of the indictment was not an appropriate remedy. The district judge found that the violations of grand jury secrecy emanating from Saccani's cooperation did not result in any prejudice to the appellants.

## II.

Denial of a motion to dismiss an indictment is a collateral order which may not be appealed unless the order has conclusively determined the claim, has resolved an issue completely separate from the merits of the action, and would be effectively unreviewable on appeal from a final judgment because the right at issue would be irreparably lost were the case to proceed to trial. *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *United States v.*

---

* Hon. John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

1. Appellants also petitioned for a writ of mandamus or prohibition directing the district court to dismiss the indictment. A separate panel of this court denied the petition. *Litman and Portnoy v. Weber*, No. 81-1526 (3d Cir. April 23, 1981).

*Levine,* 658 F.2d 113 (3d Cir. 1981). The Supreme Court has identified only two instances in which denial of a motion to dismiss an indictment is immediately appealable. In *Abney, supra,* the Court held a pretrial order rejecting defendant's double jeopardy claim satisfied the three prerequisites to appealability of a collateral order. In *Helstoski, supra,* the Court held a claim invoking the constitutional Speech and Debate Clause privilege met the requirements of collateral finality. *Cf. United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (denial of a motion to dismiss indictment on speedy trial grounds held nonappealable).

■ As this circuit recently noted in *United States v. Levine, supra,* the *Abney-Helstoski* exceptions to the final judgment rule derive from the nature of the right asserted: in both cases, defendants invoked a constitutional privilege not to be tried. Post conviction relief would in fact afford no relief, for the rights at stake protected not only against conviction, but against facing trial at all. Appellants in this case can invoke no right not to be tried. Hence, whether or not the order rejecting their motion to dismiss the indictment represents a complete and final disposition of appellants' Rule 6(e)(2) claim which trial on the merits would not develop further, appellants fail to satisfy the third element of the collateral finality rule as applied in criminal cases.

Appellants tacitly admit that they can point to no established privilege protecting them from facing trial, but request that we follow the Ninth Circuit in adding to the Supreme Court's short list of collateral order exceptions a rule permitting immediate appealability where there has been extreme prosecutorial misconduct. *See United States v. Burt,* 619 F.2d 831 (9th Cir. 1980); *United States v. Griffin,* 617 F.2d 1342 (9th Cir. 1980); *But see, United States v. Brizendine,* 659 F.2d 215 (D.C.Cir. 1981) (holding that a claim of selective prosecution may be adequately remedied at post-conviction stage).

■ While this argument is very attractive, it is foreclosed to us in this case by virtue of a separate panel of this court's rejection of the merits of appellants' claim of prosecutorial misconduct in their petition for a writ of mandamus. *Litman and Portnoy v. Weber,* No. 81–1526 (3d Cir. April 23, 1981). *See also In re Grand Jury Proceedings (Johanson),* 632 F.2d 1033, 1039 (3d Cir. 1980) (dictum) (suggesting denial of pretrial evidentiary hearing on prosecutorial misconduct is nonappealable because post-conviction relief may remedy putative denial of right to impartial grand jury, but holding that the pretrial order did not conclusively determine the issue).

III.

Thus, while we do not hold that denial of a motion to dismiss an indictment on grounds of gross prosecutorial misconduct may never be immediately appealable, the prior disposition of appellants' petition for mandamus renders it inappropriate for us to consider the merits of appellants' theory. Because the district court's order is not collaterally final under the Supreme Court's *Abney-Helstoski* decisions, we hold appellants' claim is not appealable at this time.