## In re 1985 GRAND JURY PROCEEDINGS.

### No. 85–5218.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 2, 1985.

Decided Dec. 20, 1985.

As Amended Feb. 3, 1986.

Richard J. Braun, Nashville, Tenn., for appellant.

John J. Powers, III, Justice Dept., Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Appellants, three paving and construction companies, seek review of a District Court[1] order which denied them access to certain records of the federal grand jury which is investigating them. The United States has moved to dismiss the appeal for lack of jurisdiction, asserting that the order is neither a final judgment nor a collateral order within the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We grant the motion to dismiss.

Appellants are subjects or targets of a grand-jury antitrust investigation in the District of North Dakota. Appellants filed a motion with the District Court for access to certain sealed records[2] relating to the

---

1. The Hon. Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

2. Specifically, the appellants sought the following records:

1. Any order authorizing summons of a grand jury in the District of North Dakota after January 1, 1984;

2. Any orders authorizing extension of a grand jury entered after July 1, 1984;

grand jury. In the motion, appellants argued that they had a common-law right of access to court records, citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–99, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978). They asserted that they needed these records to "ensure that the procedural aspects of the grand jury's investigation and deliberations are in accord with due process."

The District Court determined that access to the requested records was prohibited by Fed.R.Crim.P. 6(e),[3] because such access would disclose matters occurring before the grand jury and because the request did not fall within one of the exceptions set forth in the rule. Fed.R.Crim.P. 6(e)(3). In addition, the District Court concluded that appellants had failed to demonstrate the "particularized need" required to justify disclosure of otherwise secret grand-jury materials. See *United States v. Ammons,* 464 F.2d 414 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253 (1972). For these reasons, the District Court denied the motion for access to the records.

Appellants contend that their appeal of the District Court's order meets the requirements of the collateral-order exception set forth by the Supreme Court in *Cohen.* First, they say, the order presents the important, unsettled question of whether such records necessarily "disclose" matters occurring before a grand jury. Second, appellants contend that, if they are not indicted and convicted, they will be denied the right to effective review of this issue on appeal from a final judgment. Similarly, if appellants are not indicted and convicted, they will be denied their common-

law right of access to these records. Appellants also submit that the District Court's order is separate and independent from the subject of the grand-jury proceedings, which is the determination of whether probable cause exists to believe that appellants were involved in the commission of any crimes. Finally, appellants contend that the appeal of this order will in no way delay or impede the grand jury.

In addition, appellants rely on *In re Special Grand Jury (for Anchorage, Alaska),* 674 F.2d 778 (9th Cir.1982), which involved an appeal from a district court order denying access to certain records of a grand jury. In *Special Grand Jury,* the district court concluded that the movants lacked standing to request the records because they had not yet been indicted. The Ninth Circuit concluded, without extensive analysis, that the district court order was appealable. 676 F.2d at 784. Appellants submit that this Court should adopt the Ninth Circuit's conclusion, and deny the government's motion to dismiss this appeal.

The government contends that the order is not a collateral order within the *Cohen* exception to the final-judgment rule. In support of this contention, the government cites, among other cases, *Grand Jury Matter Impounded,* 703 F.2d 56, 59–62 (3d Cir.1983), in which the Third Circuit held that a similar denial of a petition for access to grand-jury records was not appealable. The Third Circuit concluded that any flaws in the grand-jury proceedings could be effectively reviewed after conviction, and that the order did not conclusively determine the issue because a petition for access

3. Roll sheets reflecting composition of the grand jury, attendance records of the jurors and any substitutions entered after July 1, 1984;

4. Any written authority permitting a special prosecutor to present evidence to the grand jury entered after January 1, 1984;

5. Records of orders entered after January 1, 1984, recalling the grand jury; and

6. All records of disclosure of names of persons receiving information about matters occurring before the grand jury as defined in Federal Rule of Criminal Procedure 6(e)(3)(A)(ii), entered after July 1, 1984.

3. Fed.R.Crim.P. 6(e)(6) provides "[r]ecords, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent

could be resubmitted after an indictment had been issued. 703 F.2d at 59–60.[4]

The order here appealed from is clearly not a final judgment on the merits of the litigation. At this stage no indictment has issued against two of the three appellants. The third, Northern Improvement Company, has been indicted, but has not yet been tried. This Court has jurisdiction of this appeal only if the order falls within the collateral-order exception to the final-judgment rule, 28 U.S.C. § 1291.

 The Supreme Court has recently reaffirmed that "the collateral-order doctrine is a 'narrow exception' * * * whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of immediate appeal." *Richardson-Merrell, Inc. v. Koller,* —— U.S. ——, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (citations omitted). To fall within the exception, the order "must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.' " *Id.* (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). The order in issue fails to satisfy the third prong of this test because it is not "effectively unreviewable." The order is related to a potential criminal case, and the issue can be raised as a defense at trial or on appeal from a conviction. Moreover, review of the order might not conclusively determine the issue, if, for example, a subpoena were to be issued commanding appellants' appearance, and appellants were able to show a particularized need entitling them to access to the records.

It is important to remember that the policy against piecemeal appellate review is at its strongest in criminal cases. *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984). Appellants are targets or subjects of the grand-jury investigation. Obviously their major interest in obtaining the records in question is to help them in defending a criminal case, if one comes about. If we were to recognize the claimed common-law right of access to grand-jury records as the basis for an immediate appeal under the *Cohen* doctrine, no doubt all targets of grand-jury investigations would begin to characterize their motions as attempts to vindicate this right. Before long, nothing, or almost nothing, would be left of the barrier against piecemeal review that the final-judgment rule erects. If they are indicted and convicted, they can appeal. If they are not, their interest in a common-law right of access to public records will doubtless decline, if not disappear altogether.

The appeal is dismissed.

---

disclosure of matters occurring before a grand jury."

**4.** The Third Circuit noted that the decisions on which the Ninth Circuit relied in *Special Grand Jury* involved independent proceedings to gain access to information about completed grandjury investigations. See *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) and *Illinois v. Sarbaugh,* 552

F.2d 768, 772 (7th Cir.), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977). In the instant case and the Third Circuit case, "[t]he denial of the petition for access was one step in an ongoing grand jury proceeding, not the termination of an independent civil proceeding." *Grand Jury Matter Impounded, supra,* 703 F.2d at 61.