CLD-005                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3041
_____

UNITED STATES OF AMERICA

v.

AL HAYY HASAN
a/k/a HAYWOOD HINTON,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-174)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

　　Al Hayy Hasan pleaded guilty in the United States District Court for the Eastern

District of Pennsylvania to one count of aiding and abetting a bank fraud.  He was

sentenced to sixty months of imprisonment followed by five years of supervised release.

We affirmed Hasan's conviction but remanded for resentencing on a discrete issue. See United States v. Hasan, 407 F. App'x 602, 603 (3d Cir. 2011). Thereafter, the District Court conducted a hearing and ultimately imposed a new sentence of fifty-seven months of imprisonment, again followed by five years of supervised release. The District Court's amended criminal judgment was entered on June 15, 2011.[1]

Five days later, the District Court denied Hasan's pro se motion for relief under Rule 12(b)(3) of the Federal Rules of Criminal Procedure.[2] Hasan's undated notice of appeal was received by the District Court thirty-five days after it entered its order on June 20, 2011. This might have been late under the fourteen-day time period that governs criminal appeals, see Fed. R. App. P. 4(b)(1)(A)(i), but special rules govern the application of that time period. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a pro se prisoner's notice of appeal is deemed filed at the moment of delivery to prison authorities for forwarding to the district court); United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989) ("in computing the timeliness of *pro se* prisoners' appeals, any prison delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal"). In this particular case, we need not turn to those special rules.

---

[1] Hasan's counseled appeal from that judgment was docketed at C.A. No. 11-2689.

[2] Rule 12(b)(3) "states that, 'at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.'" United States v. Vitillo, 490 F.3d 314, 320 (3d Cir. 2007). Hasan's motion was filed two months before the District Court entered its amended criminal judgment.

We recently held that "Rule 4(b) is not jurisdictional and is subject to forfeiture." V.I. v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010). As in Martinez, here the Government did not respond to the Clerk's order permitting "written argument regarding jurisdiction." (Order of the Clerk dated August 10, 2011). Nor did it invoke Rule 4(b) in a motion to dismiss. Accordingly, the Government has forfeited any available untimeliness argument. See Martinez, 620 F.3d at 329.

We therefore exercise jurisdiction under 28 U.S.C. § 1291.[3] We will summarily affirm the District Court's June 20, 2011 order because this appeal does not present a substantial question. Murray v. Bledsoe, 650 F.3d 246, --- (3d Cir. 2011) (per curiam).

In Hasan's Rule 12(b)(3) motion, he contended that "any [plea] agreement signed or verbally contracted which violates Federal Statutes is NULL AND VOID." The motion also challenged the jurisdiction[4] of the District Court: "[Co-defendant] never signed a contract or any other piece of paper which would make a material false representation [in order to defraud a financial institution, in violation of 18 U.S.C.

---

[3] The denial of a Rule 12(b)(3) motion generally occurs pre-judgment and is considered a non-appealable interlocutory ruling. See United States v. Litman, 661 F.2d 17, 18 (3d Cir. 1981). Because Hasan's Rule 12 motion was denied *after* the District Court's entry of judgment, his appeal is not "interlocutory." See Black's Law Dictionary 113 (9th ed. 2009) (defining the term "interlocutory appeal" as "[a]n appeal that occurs *before* the trial court's final ruling on the entire case") (emphasis added). Were we to characterize the District Court's June 20, 2011 order as something other than a 'final,' appealable order, the decision would effectively evade appellate review.

[4] We use the term 'jurisdiction' only to be consistent with prior descriptions of Hasan's arguments. Cf. Vitillo, 490 F.3d at 320 ("We conclude that Vitillo's challenge to the

§ 1344]. She had no contract with the bank; hence no involvement with the FDIC, and no violation of Interstate Commerce, which is the basis of all Federal Jurisdiction."

The District Court noted both its rejection of identical arguments made by Hasan in February 2008, and that we likewise found Hasan's arguments to be meritless on appeal. See Hasan, 407 F. App'x at 603. Accordingly, the District Court denied Hasan's motion as barred by 'the law of the case doctrine.' The District Court alternatively found Hasan's arguments to be "equally meritless the second time around."

The District Court appropriately invoked the law of the case doctrine in rejecting Hasan's arguments in support of Rule 12(b)(3) relief, based on the fact that those arguments were previously rejected by the District Court and again by this Court on appeal. See Farina v. Nokia, Inc., 625 F.3d 97, 117 n.21 (3d Cir. 2010) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case'") (citation omitted). While there exist exceptions to the doctrine, see Schneyder v. Smith, --- F.3d ---, 2011 WL 3211504, *13 (3d Cir. July 29, 2011, No. 10-2367), none is remotely applicable to Hasan's case. We also note that, the law of the case doctrine aside, Rule 12(b)(3) is hardly the appropriate vehicle to challenge a guilty plea. See United States v. Bergrin, 650 F.3d 257, --- (3d Cir. 2011) ("Generally speaking, [Rule 12(b) triggers] a narrow limited analysis geared only towards ensuring that legally deficient charges do not

_____

indictment [under Rule 12(b)(3)] is more properly characterized as a 'pleading' challenge than one of 'jurisdiction'").

4

go to a jury").

Accordingly, for the reasons given in this opinion, we will summarily affirm the June 20, 2011 order of the District Court.