**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: GRAND JURY SUBPOENA.                    No. 12-1330

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

Before **HARTZ**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

To comply with requirements of grand-jury secrecy, we will refer to the appellant as "Witness." Witness is the sole member of a limited liability company (LLC) whose federal income taxes were being investigated by a grand jury. The "Custodian of Records" of the LLC was subpoenaed to bring LLC records to the grand jury. Aplt. App. at 38. As the records custodian, Witness moved to quash the *subpoena duces tecum* on the ground that it violated his personal Fifth Amendment privilege against self-incrimination. Although recognizing the general rule that the records custodian of a collective entity cannot invoke a personal Fifth Amendment right to refuse to produce the entity's records, *see, e.g.*, *Bellis v. United States*, 417 U.S. 85 (1974), Witness argued to

the district court that the records should be considered his personal papers because a single-member LLC is disregarded for federal-income-tax purposes and treated as a sole proprietorship.

The district court denied Witness's motion to quash. Witness appealed the denial and moved the district court for a stay pending appeal. The court refused to grant a stay and ordered Witness to produce the records within eight days. Witness complied.

Witness now raises his Fifth Amendment claim in this court. We do not consider the merits of the claim, however, because we lack jurisdiction. The general rule is that "an order denying a motion to quash and requiring the production of evidence pursuant to a subpoena *duces tecum* . . . is not final and hence not appealable." *United States v. Nixon*, 418 U.S. 683, 690–91 (1974).

A protesting witness may seek appellate review only after he refuses to obey the subpoena and is held in contempt. "At that point, the witness' situation becomes so severed from the main proceeding as to permit an appeal." *Cobbledick v. United States*, 309 U.S. 323, 328 (1940). As the Supreme Court has explained:

> If . . . the subpoena is unduly burdensome or otherwise unlawful, [the witness] may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review. But we have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired

-2-

information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal.

*United States v. Ryan*, 402 U.S. 530, 532–33 (1971) (footnote omitted).

The legitimacy of a *subpoena duces tecum* may sometimes be reviewed immediately, however, when the person claiming privilege is not the subpoenaed witness. The leading case is *Perlman v. United States*, 247 U.S. 7 (1918). Materials owned by Perlman that had been submitted as evidence in a lawsuit were on file (although sealed) with the clerk of the court when the district court ordered the clerk to produce them to a grand jury. *See id.* at 8–10. Perlman objected on Fourth and Fifth Amendment grounds. *See id.* at 10, 13. But the district court overruled the objections. *See id.* at 11. When Perlman appealed, the government argued that the order was not reviewable because it was interlocutory. *See id.* at 12. The Court summarily rejected this argument, stating in full:

> The second contention of the government is somewhat strange, that is, that the order granted upon its solicitation was not final as to Perlman but interlocutory in a proceeding not yet brought and depending upon it to be brought. In other words, that Perlman was powerless to avert the mischief of the order but must accept its incidence and seek a remedy at some other time and in some other way. We are unable to concur.

*Id.* at 12–13. We have interpreted *Perlman* to mean that appellate jurisdiction arises "when an interlocutory appeal is sought by an intervenor who claims a

justiciable interest in preventing a third party's disclosure of documents or testimony, and the party subject to the subpoena indicates that he or she will produce the records or testify rather than risk contempt." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1179 (10th Cir. 2010).[1]

Witness argues that he comes within the *Perlman* rule because he is not the subpoenaed person. He notes that the subpoena was directed to the custodian of records of the LLC and that the capacity in which he claims a privilege—as an individual entitled to the protection of the Fifth Amendment—is distinct from his capacity as the LLC's records custodian.

We are not persuaded. The "necessity for expedition in the administration of the criminal law," *Ryan*, 402 U.S. at 533, which ordinarily forecloses an appeal unless the witness is held in contempt, applies with full force here. Witness, unlike Perlman, is not at the mercy of a third party who can produce records in compliance with the subpoena at issue. In whatever capacity Witness was acting, he had full control of whether to refuse disclosure and risk contempt. He has not suggested that he had a duty to the LLC as its custodian of records that conflicted with or could override his personal interests. Witness was required to

---

[1] In *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009), the Supreme Court held that an order in a civil case to disclose documents allegedly protected by the attorney-client privilege could not be immediately appealed under the collateral-order doctrine because the privilege issue could be effectively reviewed postjudgment and through other means. We discern some tension between *Perlman* and *Mohawk*, but need not address the matter. *See, e.g.*, *In re Grand Jury*, Nos. 12-1697, 12-2878, 2012 WL 6156176, at *8–*9 (3d Cir. 2012) (discussing the matter).

make the choice of whether to violate the subpoena, lest the grand-jury proceedings be unnecessarily delayed by a challenge to a subpoena that is too insubstantial for the challenger to risk contempt to pursue it. Requiring the witness to violate the subpoena and risk a contempt citation "puts the objecting person's sincerity to the test." *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010).

We recognize that this circuit reads *Perlman* more narrowly than the great majority of the other circuits, which generally allow a third party to appeal the denial of a motion to quash without any showing that the person subpoenaed is likely to comply with the subpoena.[2] But we doubt that any would extend *Perlman* to the situation presented here. In the only appellate case we have found that raised the issue before us—whether *Perlman* applies when a party subpoenaed as a custodian of records claims a privilege in another capacity—the

---

[2] *See In re: Grand Jury Subpoenas*, 123 F.3d 695, 699 (1st Cir. 1997); *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)*, 767 F.2d 26, 29 (2d Cir. 1985); *In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3d Cir. 1979); *United States v. (Under Seal)*, 748 F.2d 871, 873 & n.2 (4th Cir. 1984); *In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199, 203 (5th Cir. Unit A Mar. 1981); *In re Grand Jury Proceedings–Gordon*, 722 F.2d 303, 307 (6th Cir. 1983); *In re Klein*, 776 F.2d 628, 630–32 (7th Cir. 1985); *In re Grand Jury Proceedings Subpoena To Testify to: Wine*, 841 F.2d 230, 232 (8th Cir. 1988); *In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 n.1 (11th Cir. 1982). *But see United States v. Krane*, 625 F.3d 568, 572 n.2 (9th Cir. 2010) (appeal from denial of motion to quash not permitted "where the subpoena is directed at an attorney who is *currently representing* the party moving to quash the subpoena" (emphasis added; internal quotation marks omitted)); *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985) (immediate review permitted when attorney subpoenaed and "circumstances make it unlikely that [the] attorney would risk a contempt citation in order to allow immediate review of [client's] claim of privilege").

circuit court held that it lacked jurisdiction to review the claim. *See In re Grand Jury Matter Impounded*, 703 F.2d 56, 58–59 (3d Cir. 1983) (custodian of corporation records). (That circumstance almost arose in *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52 (2d Cir. 1985); but the district court directed that the records be produced by someone other than the individual claiming a Fifth Amendment privilege, *see id.* at 54. The circuit court held that it had jurisdiction but then went on to rule that the privilege could not be claimed with respect to the corporation's records.)

Accordingly, we hold that we lack jurisdiction to review Witness's claim of privilege. We DISMISS the appeal.