766 F.2d 63
 RRI REALTY CORP., Plaintiff-Appellee,
v.
The INCORPORATED VILLAGE OF SOUTHAMPTON, Roy L. Wines, Jr.,
Mayor, Orson D. Munn, Jr., Paul Parash, Charles F. Schreier,
Jr. and Richard L. Fowler, Constituting the Board of
Trustees of the Village of Southampton, William Hattrick,
Jr., Carlos Nadal, Jacob Buchheit, Elise Korman and Marvin
Dozier, Constituting the Zoning Board of Appeals of the
Village of Southampton, Sherburne Brown, Courtland Smith,
Victor Finalborgo, John Winters and Morley A. Quatroche,
Constituting the Board of Architectural Review of the
Village of Southampton and Eugene R. Romano, the Building
Inspector of the Village of Southampton, Defendants-Appellants.
 No. 1117, Docket 84-9019.
 United States Court of Appeals,
Second Circuit.
 Argued April 24, 1985.
Decided June 24, 1985.
As Modified June 27, 1985.
 
 Stuart A. Summit, New York City (Burns Summit Rovins & Feldesman, Glenn S. Goldstein, New York City, of counsel), for plaintiff-appellee.
 John W. Hoefling, Williston Park, N.Y. (Maloney, Murphy, McLoone, Nelson, Dobise & McGrane, Williston Park, N.Y., of counsel), for defendants-appellants.
 Before FEINBERG, Chief Judge, LUMBARD and NEWMAN, Circuit Judges.
 LUMBARD, Circuit Judge.
 
 
 1
 The Village of Southampton, its mayor, building inspector, and other individual defendants, including various members of the Board of Trustees, the Zoning Board of Appeals, and the Board of Architectural Review, appeal from an order, by Judge Sifton, Eastern District of New York, denying their motion for a stay or dismissal of proceedings under federal abstention doctrines. We dismiss for lack of appellate jurisdiction.
 
 
 2
 This action was brought on August 13, 1984, by RRI Realty Corporation, the owner of a 6.3 acre parcel of oceanfront property in the Village of Southampton. In its complaint, the corporation alleges that Southampton and named individuals have deprived it of the use and enjoyment of its property in violation of the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article 1, Sec. 6 of the Constitution of the State of New York, and that they have denied the corporation its due process and equal protection rights under the Fourteenth Amendment. The action arises out of a dispute over the renovation of a 63-room, single-family residence, built on RRI's parcel approximately 60 years ago. RRI seeks damages and declaratory relief pursuant to 42 U.S.C. Sec. 1983 (1982), and 28 U.S.C. Secs. 1331 and 2201 (1982).
 
 
 3
 On October 31, 1984, the defendants moved for an order staying the federal court proceedings pending the disposition of two state court actions. The state petitions, commenced by RRI in June and July of 1984, seek orders directing Southampton's Zoning Board of Appeals to grant a variance and the Village's building inspector to issue a building permit for work on the property. By order dated December 5, 1984, Judge Sifton determined that abstention was not appropriate, as the constitutional issues raised by RRI would not be altered or mooted by the state court determinations, there are no material state statutes in need of state court construction, and no comprehensive state regulatory system is threatened by federal action. The defendants did not request the district court to certify its order for interlocutory review pursuant to 28 U.S.C. Sec. 1292(b) (1982).
 
 
 4
 Instead, the Village and individual defendants assert that their right to appeal the denial of their motion for abstention is established by the Supreme Court's ruling in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We disagree.
 
 
 5
 In Moses H. Cone Memorial Hosp., the District Court for the Middle District of North Carolina stayed a diversity action for an order to compel arbitration under Sec. 4 of the United States Arbitration Act of 1925, 9 U.S.C. Sec. 4, pending resolution of a concurrent state court suit. The Court of Appeals for the Fourth Circuit reversed the stay, 656 F.2d 933, reh'g denied, 664 F.2d 936 (1981), and the Supreme Court granted certiorari. 455 U.S. 937, 102 S.Ct. 1426, 71 L.Ed.2d 647 (1982). At issue, for our purposes, was whether the district court's order to stay proceedings was appealable pursuant to 28 U.S.C. Sec. 1291 (1982).[1]
 
 
 6
 Concluding that the stay order was a final decision and thus ripe for appellate review, the Supreme Court reasoned that stay of the federal suit, pending termination of a state action which would resolve the disputed question concerning the arbitrability of petitioner's claims, fell within the ambit of 28 U.S.C. Sec. 1291 because it ensured, under principles of res judicata, that there would be no further litigation in a federal forum. In this narrow circumstance, where a stay requires that "all or an essential part" of the issues in a federal suit be resolved in a state court, Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. at 11 n. 11, 103 S.Ct. at 934 n. 11, the stay, for all practical purposes, spells an end to the federal suit:
 
 
 7
 We hold only that a stay order is final when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court.
 
 
 8
 Id.
 
 
 9
 The decision not to abstain, in contrast, is in no way a final decision, for the purpose of the federal litigation, and is consequently not appealable under 28 U.S.C. Sec. 1291. See Field, The Abstention Doctrine Today, 125 U.Pa.L.Rev. 590, 598-601 (1977). We also conclude that the refusal to abstain does not fit within the small class of decisions which, although not final under 28 U.S.C. Sec. 1291, are nevertheless appealable as collateral orders. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949).
 
 
 10
 To come within the class of decisions exempted from the final-judgment rule by Cohen, an order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted). Even were we to assume that an order denying a motion to abstain satisfied the first and second of these criteria, an assumption not free from doubt, there can be no question that Judge Sifton's order fails to meet the third prong of the collateral order test.
 
 
 11
 An interlocutory decision, to satisfy this third step in the Cohen analysis, must present the appellate court with a situation in which "denial of immediate review would render impossible any review whatsoever." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)). Unlike the decision to stay proceedings, where such a decision will effectively bind the federal court to a state court judgment, a decision refusing to abstain is reviewable, both theoretically and as a practical matter, on appeal from a merits determination. See, e.g., Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). In the event of error in the decision not to abstain, the effects of any final judgment can still be undone, and the judgment vacated.
 
 
 12
 It is true that the refusal to accelerate review may force a would-be appellant to litigate in an improper forum and later render an entire proceeding nugatory. These dangers, however, are not of the sort upon which a Cohen exception is founded. See United States Tour Operators Ass'n v. Trans World Airlines, Inc., 556 F.2d 126, 129 (2d Cir.1977). The decision not to abstain is a step toward final judgment, reviewable on appeal. In this circumstance, the judicial and societal interests in the avoidance of piecemeal review outweigh the appellants' desire to avoid an unnecessary or unwelcome forum. See Field, The Abstention Doctrine Today, 125 U.Pa.L.Rev. at 599.
 
 
 13
 Finding the district court's order to fall outside the jurisdiction conferred by 28 U.S.C. Sec. 1291, and seeing no reason to depart from the strictures of the final judgment rule, we dismiss the appeal.
 
 
 
 [1]
 Section 1291 provides in relevant part:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ... except where a direct review may be had in the Supreme Court.