_____

No. 96-2207
_____

In re: Popkin & Stern,              *
                                    *
        Debtor.                     *
_____           *
                                    *
Nancy Fendell Lurie,                *
                                    *   Appeal from the United States
        Defendant - Appellant,      *   District Court for the
                                    *   Eastern District of Missouri.
v.                                  *
                                    *
Robert J. Blackwell,                *
Liquidating Trustee of the          *
Popkin & Stern Liquidating          *
Trust,                              *
                                    *
        Plaintiff - Appellee.       *


_____

          Submitted:  December 10, 1996

             Filed:  January 31, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

        Nancy Lurie appeals the district court's[1] dismissal of her
interlocutory appeal from a bankruptcy court order denying Lurie's motion
for a jury trial.  The district court dismissed Lurie's appeal for failure
to prosecute.  Because the district court's

_____

        [1]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

-1-

order is not a final judgment, we dismiss Lurie's appeal for lack of jurisdiction.

## BACKGROUND

This case arises from a bankruptcy action in which Lurie filed a motion for a jury trial. The bankruptcy court denied that motion.

Lurie filed an interlocutory appeal with the district court. The district court granted Lurie leave to appeal the bankruptcy court order pursuant to 28 U.S.C. § 158(a)(3).[2] The district court eventually dismissed Lurie's appeal with prejudice for failure to prosecute within the allotted time and for failure to comply with court orders. The district court then denied Lurie's motion under Fed.R.Civ.P. 59(e) to alter or amend judgment.

Lurie raises two issues in her appeal to this court. First, she asserts that the district court erred in dismissing her interlocutory appeal. Second, Lurie argues that the district court erred in denying her motion to alter or amend judgment under Rule 59(e).

Lurie originally asserted jurisdiction for this appeal under 28 U.S.C. § 158(d) relating to appeals from final orders of district courts to appellate courts. After we expressed concerns regarding jurisdiction, Lurie argued jurisdiction existed under 28

---

[2]That provision confers jurisdiction to district courts over interlocutory appeals from bankruptcy courts when leave of the court is granted.

U.S.C. § 1291 and the collateral order doctrine.[3]  Appellee contests jurisdiction.

## DISCUSSION

"Although the parties do not discuss appellate jurisdiction in their briefs, we are nonetheless obliged to consider it." Friedman v. Melp, Ltd. (In re Melp, Ltd.), 79 F.3d 747 (8th Cir. 1996) (citation omitted).

Lurie's original assertion that we have jurisdiction under 28 U.S.C. § 158(d) is incorrect.  Section 158 addresses the procedure for appeals from bankruptcy courts and states in relevant part:

(a)  The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

* * * *

(3) with leave of the court, from other interlocutory orders and decrees; . . .

* * * *

(d)  The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection (a) . . . of this section.

28 U.S.C. § 158.  Accordingly, "[u]nlike the district court, which has discretion to hear appeals from interlocutory bankruptcy court orders, § 158(a), our jurisdiction is limited to `appeals from all final decisions, judgments, orders, and decrees' of the district

---

[3]The parties were notified of our concerns regarding jurisdiction by letter and were requested to address this issue at oral argument.  We also allowed the parties to file supplemental briefing regarding the collateral order doctrine.

court." <u>Drewes v. St. Paul Bank for Cooperatives</u> (In re Woods Farmers Coop. Elevator Co.), 983 F.2d 125, 127 (8th Cir. 1993) (quoting 28 U.S.C. § 158(d)).

Neither party disputes that the appeal at issue is an interlocutory one. "For purposes of § 158(d), a determination of the district court is not `final' unless the underlying order of the bankruptcy court is final." <u>Flor v. Bot Fin. Corp.</u>, 79 F.3d 281, 283 (2d Cir. 1996). An interlocutory appeal from an order denying a motion to strike a demand for a jury trial does not confer jurisdiction for the federal court of appeals under § 158(d) because neither § 158(d) "nor any other part of § 158 mentions interlocutory orders entered by the district courts in bankruptcy." <u>Connecticut Nat. Bank v. Germain</u>, 503 U.S. 250, 252 (1992). The bankruptcy court order denying Lurie's demand for a jury trial is not a final order. Accordingly, we lack jurisdiction under § 158(d).

Lurie raised a new basis for jurisdiction, 28 U.S.C. § 1291 and the collateral order doctrine, during oral argument. According to § 1291, "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." The appeal at issue here is interlocutory which, as a general rule, renders § 1291 inapplicable because that provision only applies to final orders. Lurie asserts, however, that the collateral order doctrine, a "narrow exception to the requirement that all appeals under § 1291 await final judgment on the merits," <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 374 (1981), applies. We disagree.

The collateral order doctrine is only utilized when a district court order, at a minimum, meets three criteria: "It must `conclusively determine the disputed question,' `resolve an important issue completely separate from the merits of the action,' and `be effectively unreviewable on appeal from a final judgment.'"

<u>Richardson-Merrell, Inc. v. Koller</u>, 472 U.S. 424, 431 (1985) (quoting <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468 (1978)). Lurie, however, does not demonstrate she is precluded from having the issues raised in her appeal considered by this court after the bankruptcy court enters a final judgment.

Lurie relies on <u>United States v. Archer-Daniels-Midland Co.</u>, 785 F.2d 206 (8th Cir. 1986), where we held jurisdiction existed under the collateral order doctrine to hear an appeal of a district court order upholding the government's assignment of the same attorneys who had participated in grand jury proceedings to a civil anti-trust case against the identical defendant. <u>Id.</u> at 211. That case is distinguishable from the case at bar. We noted that the district court order, which addressed the secrecy of grand jury proceedings, was "effectively unreviewable on appeal from a final judgment. Any harm to ADM's and Nabisco's interests which are sought to be protected by keeping grand jury proceedings secret cannot be undone by a later reversal of the district court order." <u>Id.</u> at 210. Lurie makes no such showing here. Accordingly, the collateral order doctrine is inapplicable.

As a final thought, we observe that this court, apparently without effect, frequently expresses its frustration with the numerous bankruptcy appeals that neglect our jurisdictional limitations. <u>See, e.g.</u>, <u>Groves v. LaBarge</u>, 39 F.3d 212, 214 (8th Cir. 1994) ("Once again, as happens all too often, bankruptcy practitioners have briefed and argued an appeal to this court paying no attention to our controlling jurisdictional precedents."); <u>In re Woods Farmers Coop. Elevator Co.</u>, 983 F.2d at 126 ("This appeal illustrates the jurisdictional mess that results when parties to a complex bankruptcy proceeding ignore the final order requirement of 28 U.S.C. § 158(d)."); <u>Broken Bow Ranch, Inc. v. Farmers Home Admin.</u>, 33 F.3d 1005, 1007 (8th Cir. 1994) ("As happens all too often in bankruptcy appeals, neither party

addressed [the jurisdiction] issue . . . ."). The lesson here for litigants is to examine jurisdiction before, not after, appealing.

## CONCLUSION

Accordingly, we dismiss the appeal for lack of appellate jurisdiction. The dismissal is without prejudice. We express no opinion as to the merits of the substantive issues presented.


A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.