**Keith BEIGHTOL and John Frank Clark, Plaintiffs–Appellants,**

v.

**UBS PAINEWEBBER INC., Gary C. Winnick, and John W. Lang, Jr., Defendants–Appellees.**

Docket No. 03–7710.

United States Court of Appeals, Second Circuit.

Argued: Dec. 16, 2003.

Decided: Jan. 6, 2004.

J. Douglas Minor, Jr., Pigott Reeves Johnson & Minor, P.A. (J. Brad Pigott, on the brief), Jackson, MI, for appellants Keith Beightol and John Frank Clark.

David L. Goldberg, New York, New York, for appellee UBS PaineWebber Inc.

Sean Riley, Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro LLP (Terry N. Christensen, Patricia L. Glaser, on the brief), Los Angeles, CA, for appellee Gary C. Winnick.

Before: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Plaintiff-appellants Keith Beightol and John Frank Clark appeal a decision of the United States District Court for the Southern District of New York (Lynch, J.), refusing to abstain from adjudicating their lawsuit against defendant-appellees UBS PaineWebber Inc., Gary C. Winnick, and John W. Lang pursuant to 28 U.S.C. § 1334(c)(2), and declining to remand to the Mississippi state court system pursuant to 28 U.S.C. § 1452(b). Defendants now move to dismiss the appeal, arguing that this Court lacks jurisdiction to hear it. We hold that 28 U.S.C. § 1334(d) does not provide an independent basis of appellate jurisdiction over decisions not to abstain under § 1334(c)(2), but rather allows ap-

vacated" regardless of the risks. Accordingly, our mandate shall issue forthwith: "Fiat justitia, ruat coelum."

pellate review of such decisions only if the jurisdictional requirements of 28 U.S.C. §§ 158(d), 1291, or 1292 are met. Because the district court's order is not covered by these provisions, this Court lacks jurisdiction to review it. We also lack jurisdiction to review the district court's refusal to remand the suit to state court pursuant to 28 U.S.C. § 1452(b), because that provision specifically prohibits such review. The motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

## BACKGROUND

Plaintiffs instituted two virtually identical suits in Mississippi state court in June 2002, alleging that defendants committed fraud in connection with plaintiffs' purchase of Global Crossing Ltd. securities. Defendants removed the cases to the Southern District of Mississippi, asserting that 28 U.S.C. § 1334(b) provided federal jurisdiction over the suits because they were related to the pending Global Crossing bankruptcy proceedings. The Multidistrict Litigation Panel transferred the cases to the Southern District of New York, where the consolidated Global Crossing securities fraud suits are pending before Judge Gerard E. Lynch. Judge Lynch subsequently consolidated these suits with the rest of the Global Crossing litigation.

Plaintiffs then moved for abstention pursuant to 28 U.S.C. § 1334(c)(2), which provides that the district court "shall abstain" from hearing a proceeding removed solely on the basis of § 1334(b) jurisdiction "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Plaintiffs also sought to have the suits remanded to Mississippi state court, a request that the district court interpreted as invoking 28 U.S.C. § 1452(b), which allows the court to re-

mand a case removed under § 1334 on "any equitable ground." The district court denied plaintiffs' motions, holding that: (1) it had jurisdiction over the suits by virtue of § 1334(b); (2) abstention was not required under § 1334(c)(2) because the action could not be "timely adjudicated" in state court; and (3) remand under § 1452 was not warranted, given the benefits of adjudicating all of the Global Crossing lawsuits in one forum. *See Beightol v. UBS Painewebber (In re Global Crossing Securities Litig.)*, 2003 WL 21507466 (S.D.N.Y. June 30, 2003).

## DISCUSSION

Plaintiffs' appeal of the district court's decision not to abstain from hearing their suits is governed by section 1334(d) of Title 28, which provides that "[a]ny decision to abstain or not to abstain made under this subsection (*other than a decision not to abstain in a proceeding described in subsection (c)(2)* ) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title." 28 U.S.C. § 1334(d) (emphasis added). Plaintiffs argue that the emphasized language provides an independent basis of appellate jurisdiction to review the district court's order refusing to abstain under § 1334(c)(2), regardless of whether that order is otherwise reviewable under §§ 158(d), 1291, or 1292. We hold, however, that we may review such an order only if appellate jurisdiction is conferred by one of the provisions enumerated in § 1334(d).

The structure and text of section 1334(d) unambiguously indicate that a decision not to abstain under § 1334(c)(2) is reviewable only if it falls within the appellate jurisdiction conferred by §§ 158, 1291, or 1291. *Cf., e.g., Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 289–90 (2d Cir.2002) (holding that statutory interpretation begins with

the text of the statute, and "judicial inquiry is complete" if the language is unambiguous). The provision is structured as a prohibition on all appeals of abstention decisions made under § 1334. This prohibition would apply even when these decisions would otherwise be reviewable under §§ 158, 1291, or 1292, which together confer the entirety of the appellate jurisdiction of the circuit courts. Excepted from the prohibition are refusals to abstain under § 1334(c)(2). Thus, nothing in the text of § 1334(d) creates an independent basis of appellate jurisdiction over § 1334(c)(2) decisions; rather, the provision simply indicates that these decisions will be reviewable if the Court otherwise has appellate jurisdiction over the decision.[1] *See Schuster v. Mims (In the Matter of the Rupp & Bowman Co.),* 109 F.3d 237, 239–40 (5th Cir.1997) (holding that " § 1334(d) does not provide, on its own, a definitive basis for appellate review").

Thus, the district court's order is reviewable only if it falls within one of the bases of appellate jurisdiction listed in § 1334. Section 158(d), which gives this Court jurisdiction over appeals from bankruptcy court decisions, is inapplicable here. Section 1292(a) allows appeals of certain types of interlocutory orders, but the order at issue here does not fall within one of the enumerated categories of appealable orders. Nor did the district court certify the decision for appeal under § 1292(b). Finally, § 1291 provides for appellate review of all final decisions rendered by the district courts. Here, however, the order declining to abstain was not a final decision, because it did not "end[ ] the litiga-

tion on the merits and leave[ ] nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Instead, the challenged order merely determined where the case would be adjudicated; it did not resolve any of the substantive issues raised in the lawsuit. Moreover, we have held that decisions not to abstain are not so conclusive of the litigation or effectively unreviewable as part of an eventual final judgment as to be appealable as collateral orders even though they do not satisfy § 1291's requirement of a final judgment. *See RRI Realty Corp. v. Incorporated Village of Southampton,* 766 F.2d 63, 65 (2d Cir. 1985).

Finally, this Court does not have jurisdiction to review the district court's denial of a remand pursuant to § 1452(b), as that section provides that a "decision not to remand[ ] is not reviewable ... by the court of appeals."

## CONCLUSION

Because this Court lacks jurisdiction to hear an appeal of the district court's decision, the motion to dismiss is granted.

---

1. This interpretation is consonant with the legislative history of the provision, which states that § 1334(d) "allows the full appeal of certain bankruptcy court refusals to abstain in State law legal proceedings." H.R.Rep. No. 103–835, at 37 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3345–46. Since §§ 158, 1291, and 1292 provide the entirety of this Court's appellate jurisdiction, the reference to allowing the "full appeal" of decisions made under § 1334(c)(2) indicates that this Court's power to review § 1334(c)(2) decisions is co-extensive with its statutory jurisdiction.