# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1851

_____

In re: Georgina Yvonne Stephens,      *
                                      *
                Debtor,               *
                                      *
                                      *
_____           *
                                      *
Georgina Yvonne Stephens,             *
                                      *
                Appellant,            *
                                      *   Appeal from the United States
        v.                            *   District Court for the
                                      *   District of Minnesota.
Mary Jo A. Jensen-Carter, Trustee of  *
the Bankruptcy Estate of Larry K.     *          [UNPUBLISHED]
Alexander,                            *
                                      *
                Appellee.             *

_____

Submitted: February 22, 2006
Filed: February 27, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Georgina Y. Stephens appeals the district court's[1] denial of her motion to bring an interlocutory appeal after the bankruptcy court reopened her bankruptcy case. We dismiss the appeal for lack of jurisdiction.

In bankruptcy matters, we ordinarily have jurisdiction only over final district court orders, and a district court order is not final unless the underlying bankruptcy court order is final. See 28 U.S.C. § 158(d) (in bankruptcy matters, appellate court's jurisdiction is limited to "appeals from all final decisions, judgments, orders, and decrees" of district court); In re Popkin & Stern, 105 F.3d 1248, 1250 (8th Cir. 1997) ("For purposes of § 158(d), a determination of the district court is not 'final' unless the underlying order of the bankruptcy court is final." (quoted case omitted)). We conclude that the bankruptcy court's order reopening Stephens's case was not a final order, as (1) the order only reopened the case, and the bankruptcy court has not yet addressed the merits of trustee Mary Jo Jensen-Carter's claim; (2) if the bankruptcy court ultimately rules in Jensen-Carter's favor, Stephens can still challenge on appeal to the district court the bankruptcy court's jurisdiction and Jensen-Carter's standing; and (3) a later reversal on the reopening would not require recommencement of the entire bankruptcy proceeding. See In re Gaines, 932 F.2d 729, 731-32 (8th Cir. 1991) (setting forth standard for determining finality of bankruptcy court order; concluding bankruptcy court's order reopening and extending time for objecting to debtors' discharge was not final and appealable). We note the district court did not certify its order for immediate interlocutory appeal under 28 U.S.C. § 1292(b), see Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (§ 158(d) is subject to § 1292(b) certification procedure); Madsen v. Audrain Health Care, Inc., 248 F.3d 760, 761 (8th Cir. 2001) (dismissing appeal for lack of jurisdiction, absent district court certification pursuant to Fed. R. Civ. P. 54(b) or § 1292(b)); and we have found no other basis for

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

jurisdiction.  We deny Stephens's alternative request to treat her appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651(a).

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____