# United States Court of Appeals
## For the First Circuit

---

No. 14-1562

IN RE: JOSÉ DE JESÚS GONZÁLEZ; NIXSA GARCÍA REYES,

Debtors

--------------------

SITKA ENTERPRISES, INC.; BERRIOS & LONGO LAW OFFICE, P.S.C.;
FERNANDO E. LONGO QUINONES,

Appellants,

v.

WILFREDO SEGARRA MIRANDA; MRS. JANE SEGARRA
and their conjugal partnership; V.B. RENTAL, INC.;
VDJ LIMITED PARTNERSHIP, S.E.; BANCO POPULAR DE
PUERTO RICO; JOSÉ DE JESÚS GONZÁLEZ; XYZ INSURANCE;
UNKNOWN COLLABORATORS; JOHN DOE COMPANY; JOHN DOE;
UNKNOWN INSURANCE COMPANY,

Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

---

Edilberto Berríos Pérez on brief for appellants.
Eldia M. Díaz-Olmo on brief for appellees.

———————————

July 31, 2015

———————————

**LYNCH**, **Circuit Judge**.  Appellants purport to appeal in order to reverse a bankruptcy court's denials of their motion for a jury trial and motion to remand to state court.  We conclude we have no jurisdiction because the bankruptcy court's orders were not final, as the district court also found, and so we dismiss the appeal.

The bankruptcy case of which this proceeding is a part began in 2002, when debtors José De Jesús González and Nixsa García Reyes filed a petition under Chapter 13 of the Bankruptcy Code in bankruptcy court in the District of Puerto Rico.  The case was later converted to a Chapter 7 proceeding.  A decade later, in 2012, the appellants, to whom we will refer collectively as Sitka, filed a complaint in Arecibo Superior Court in Puerto Rico against the Trustee in bankruptcy, Wilfredo Segarra Miranda, and other defendants.  Segarra removed the state case to the bankruptcy court on the ground that it was "a core proceeding that arises in" the bankruptcy case for which he was Trustee.  See 28 U.S.C. §§ 157(b)(2), 1334(b), 1452(a).

Once in bankruptcy court, Sitka filed two motions relevant here: a motion for a jury trial and a motion requesting remand to Arecibo Superior Court.  The bankruptcy court denied both motions in two separate orders issued on February 20, 2013.

- 3 -

Sitka separately appealed each of the February 20 denial orders to the district court. The appeal from the denial of the motion for a jury trial was assigned docket number 13-1288, and the appeal from the denial of the request for remand was assigned docket number 13-1289. The district court consolidated the two cases, along with a third case, and directed that all filings be made under No. 13-1288.

On March 31, 2014, the district court dismissed the appeals in No. 13-1288 and No. 13-1289, holding that it lacked jurisdiction because both of the underlying bankruptcy court orders were non-final. Two days later, the court entered judgment in each case.[1]

On May 1, 2014, Sitka filed a notice of appeal to this court in No. 13-1288, but not in No. 13-1289. The notice purports to appeal "from the Opinion and Order and Judgment . . . dated March 31, 2014 . . . dismissing the appeal filed under Civil No. 13-1288 as the order denying remand and the request for jury trial are allegedly interlocutory non-final order[s]."

Sitka's brief is nearly incomprehensible. Its primary arguments appear to be (1) the bankruptcy court should have

---

[1] Because judgment entered on April 2, 2014, Sitka's May 1, 2014, notice of appeal was filed on the 29th day of the 30-day appeal period. See Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(A). Segarra's argument that we should dismiss these appeals as untimely is without merit.

remanded the case to the Arecibo Superior Court pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), and (2) the bankruptcy court erred in denying the motion for a jury trial. Sitka makes no meaningful effort to address the jurisdictional issues that prompted the district court to dismiss the appeal, even though it has an obligation to do so. See United States v. Gonzalez-Rodriguez, 777 F.3d 37, 39 (1st Cir. 2015) (citing Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013)). Segarra argues (1) our review must be limited to the district court's decision as to the motion for a jury trial,[2] and (2) the district court lacked jurisdiction over Sitka's appeal from the bankruptcy court's denial of that motion, so we necessarily lack jurisdiction over the appeal from the district court.

We move to the second issue. Even if we construe the notice of appeal to properly raise both the denial of the motion for a jury trial and the denial of the motion to remand to state court, but cf. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925,

---

[2] Segarra devoted a substantial portion of his brief to the technical argument that Sitka did not appeal the denial of the remand motion in No. 13-1289 because it only filed a notice of appeal in No. 13-1288. Neither party acknowledged the existence of the district court's post-consolidation requirement that all filings be made in No. 13-1288, much less discussed that order's impact, if any, on Sitka's perfection of its appeal.

929-30 (1st Cir. 2014), the outcome of this case is the same.  We lack jurisdiction and so must dismiss the appeal.

Under 28 U.S.C. § 158(a), district courts "have jurisdiction to hear appeals [] from final judgments, orders, and decrees . . . of bankruptcy judges."  Courts of Appeals, in turn, "have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under" § 158(a).  28 U.S.C. § 158(d).  "'For purposes of § 158(d), a determination of the district court is not final unless the underlying order of the bankruptcy court is final.'"  Lurie v. Blackwell (In re Popkin & Stern), 105 F.3d 1248, 1250 (8th Cir. 1997) (quoting Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 283 (2d Cir. 1996)); accord Watson v. Boyajian (In re Watson), 403 F.3d 1, 4 (1st Cir. 2005); In re Am. Colonial Broad. Corp., 758 F.2d 794, 800-01 (1st Cir. 1985).

The question for us, then, is whether the bankruptcy court's denials of Sitka's motion for a jury trial and motion to remand to state court were final orders which can be appealed to this court.  "'[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to proper relief.'"  1 Collier on Bankruptcy ¶ 5.08[1][b] (16th ed. 2015) (quoting Official Comm. of Subordinated Bondholders v.

- 6 -

Integrated Res., Inc. (In re Integrated Res., Inc.), 3 F.3d 49, 53 (2d Cir. 1993)); see also In re Am. Colonial, 758 F.2d at 801. In other words, within each discrete adversary proceeding in a bankruptcy, "ordinary concepts of finality apply," meaning that "orders in which the merits are not determined" are generally not final. See 1 Collier on Bankruptcy ¶ 5.08[1][b], [5].

Under this standard, it is clear that "[t]he bankruptcy court order denying [Sitka's] demand for a jury trial is not a final order." In re Popkin, 105 F.3d at 1250. That order did not resolve the merits of the adversary proceeding between Sitka and Segarra. Indeed, the Supreme Court has squarely held that "an order denying a demand for trial by jury in a federal court" is not a final order and hence is not immediately appealable. City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 255–59 (1949).

The bankruptcy court's order refusing to remand the case to state court was likewise not final. Under the general federal removal statute, this circuit treats an order refusing remand to state court in a diversity case as a non-final interlocutory order which is not immediately appealable. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 829 (1st Cir. 1997). Other courts have reached the same conclusion in bankruptcy as to a refusal to abstain under § 1334(c)(2), noting

that such a refusal "d[oes] not 'end[] the litigation on the merits and leave [] nothing for the court to do but execute the judgment.'" Beightol v. UBS Painewebber, Inc., 354 F.3d 187, 189 (2d Cir. 2004) (Sotomayor, J.) (second and third alterations in original) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)); accord Schuster v. Mims (Matter of Rupp & Bowman Co.), 109 F.3d 237, 240-41 (5th Cir. 1997); see also Krasnoff v. Marshack (In re Gen. Carriers Corp.), 258 B.R. 181, 187 (B.A.P. 9th Cir. 2001) (collecting cases). We agree. A refusal to abstain "merely determine[s] where the case w[ill] be adjudicated; it d[oes] not resolve any of the substantive issues raised in the lawsuit." Beightol, 354 F.3d at 189; see also 1 Collier on Bankruptcy ¶ 5.08[5] (noting that "orders in which the merits are not determined" are generally not final).[3]

---

[3]     One tersely-reasoned decision of a Tenth Circuit bankruptcy appellate panel has concluded that a bankruptcy court's refusal to abstain and remand represents an immediately appealable collateral order. See Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764, 768-69 (B.A.P. 10th Cir. 1997). Here, Sitka does not even cite that case, which is against the clear weight of authority among circuit courts. Sitka has failed to sufficiently develop an argument for why the district court's order at this interlocutory stage is immediately appealable. In its brief, Sitka almost exclusively attacks the merits of the district court's abstention decision. On the jurisdictional question, the brief merely asserts that a bankruptcy court's decision not to abstain is "immediately appealable" and incomprehensibly cites to an array of cases without making any effort to explain how those cases would apply to allow an immediate appeal. Accordingly, any contrary argument here is waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

We therefore lack jurisdiction over the district court's dismissal of Sitka's appeal of the bankruptcy court orders. See In re Popkin, 105 F.3d at 1250; In re Am. Colonial, 758 F.2d at 803.

We comment, however, that the district court's conclusion that it lacked jurisdiction over the appeal because the bankruptcy court's orders themselves were not final was plainly correct.

We also note that the district court held in No. 10-1847 (one of Sitka's many bankruptcy appeals related to this action), that pursuant to the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), the bankruptcy court could not adjudicate the Trustee's fraudulent conveyance claim against Sitka. Sitka appears to argue that, in doing so, the district court held that the court lacks "jurisdiction" over the fraudulent conveyance action and that it must be dismissed, barring removal of Sitka's lawsuit at issue in this case challenging the Trustee's actions in pursuing that fraudulent conveyance claim. Without expressing any view as to the merits of the district court's Stern analysis, we emphasize that we read the district court to have held only that the underlying fraudulent conveyance claim must be heard by the district court (an Article III court), and not that there is a lack of federal jurisdiction here. Despite the district court's

urging, it is not clear from the record whether any party has filed a motion for withdrawal of the reference to the bankruptcy court. See Fed. R. Bankr. P. 5011.  It may be that the bankruptcy court is proceeding to consider the claim and issue proposed findings of fact and conclusions of law, which the district court would review de novo.  That course would be permissible.  See Exec. Benefits Ins. Agency v. Arkinson, 134 S. Ct. 2165, 2170 (2014). Alternatively, the parties could consent to have the claim decided by the bankruptcy court.  See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1939 (2015).  In the course of considering this removed action on remand, the bankruptcy court, in consultation with the parties, is of course free to clarify the posture of the Trustee's fraudulent conveyance claim.

We warn appellants about taking frivolous appeals and filing briefs which are nearly incomprehensible and fail to meaningfully address the pertinent issues.  Should such conduct continue, it will be sanctioned.  Costs are awarded to the Trustee.

Dismissed.